IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>1) TAVIAN LA'TWAN TILLMAN<br>2) TRAVIS JAMAR WHITE | DOCKET NO. 3:24-cr-79-MOC<br><br>**BILL OF INDICTMENT**<br>Violations:<br>21 U.S.C. §841(a)(1)<br>21 U.S.C. §846<br>18 U.S.C. §922(g)(1)<br>18 U.S.C. §924(c) |

## THE GRAND JURY CHARGES:

### COUNT ONE
*(Conspiracy to Distribute Cocaine Base)*

From at least in or about December 2023 and continuing through in or about March 2024, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**1) TAVIAN LA'TWAN TILLMAN
and
2) TRAVIS JAMAR WHITE,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

### COUNT TWO
*(Distribution of Cocaine)*

On or about March 7, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**2) TRAVIS JAMAR WHITE**

did knowingly and intentionally distribute cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
*(Possession of a Firearm in Furtherance of Drug Trafficking)*

On or about March 7, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### 2) TRAVIS JAMAR WHITE

did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Controlled Substance, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Two of this Bill of Indictment and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR
*(Possession with Intent to Distribute Controlled Substances)*

On or about March 20, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### 1) TAVIAN LA'TWAN TILLMAN

did knowingly and intentionally posses with the intent to distribute five hundred (500) grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE
*(Possession of a Firearm in Furtherance of Drug Trafficking)*

On or about March 20, 2024, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### 1) TAVIAN LA'TWAN TILLMAN

did knowingly possess one or more firearms in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Controlled Substance, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Four of this Bill of Indictment and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

    Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

    a.    All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

    b.    All property used or intended to be used in any manner or part to commit or facilitate such violations;

    c.    All firearms or ammunition involved or used in such violations; and

    d.    If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

A TRUE BILL

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
TIM SIELAFF
ASSISTANT UNITED STATES ATTORNEY